# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

LEODIS RANDLE                                                                                    PLAINTIFF

v.                                             4:20-cv-01086-JM-JJV

DOE, *et al.*                                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Leodis Randle ("Plaintiff") is confined in the Pulaski County Regional Detention Facility. On September 10, 2020, he filed a *pro se* Complaint without paying the $400 filing and administrative fee or filing an Application to Proceed *In Forma Pauperis* ("IFP Application"). And, he has accumulated three "strikes" as defined by 28 U.S.C. § 1915(g).[1]

---

[1] *See Randle v. Peters, et al.,* 4:14-cv-00280-BRW (E.D. Ark.); *Randle v. Baker, et al.*, 4:14-cv-00357-JLH (E.D. Ark.); *Randle v. Arkansas, et al.,* 4:17-cv-00291-BSM (E.D. Ark.).

On September 22, 2020, I entered an Order explaining to Plaintiff that only a portion of his claims satisfied the imminent danger exception to the three strikes rule. (Doc. 2.) I then gave him thirty days to either: (1) file an IFP Application and Calculation Sheet so that he could proceed with his claims that satisfied the exception; or (2) pay the $400 filing fee in full so that he could proceed with all claims raised in his Complaint. I provided Plaintiff with the necessary forms and warned him I would recommend dismissal if he failed to timely comply with my instructions. (*Id.*)

On October 5, 2020, I denied Plaintiff's Motion for Service, reminded him of my prior instructions to either pay the filing fee or file an IFP Application, gave him an extension until October 23, 2020 to do so, and provided him with a second set of forms. (Doc. 5.) On October 6, 2020, I denied Plaintiff's Motion for Reconsideration, which was actually a request to amend or correct his Complaint, and reminded him of his obligation to pay the filing fee or file an IFP Application. (Doc. 6.) Thereafter, Plaintiff filed Notices and an Amended Complaint. (Docs. 9, 10, 11.) But, he has not complied with my repeated instructions to either pay the filing fee or file an IFP Application. The time to do so has expired. Thus, I recommend this case be dismissed without prejudice due to a lack of prosecution. *See* Fed. R. Civ. P. 41(b); Local Rule 5.5(c)(2).

IT IS, THEREFORE, RECOMMENDED THAT:

1. The case be DISMISSED without prejudice due to a lack of prosecution.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 9th day of November 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE